UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MASOUD BAJESTANI, )
)
Plaintiff, )
) 1:14-CV-146
v. )
) Judge Curtis L. Collier
TENNESSEE VALLEY AUTHORITY *et al.*, )
)
Defendants. )

# MEMORANDUM

Before the Court is Defendants Tennessee Valley Authority ("Defendant TVA") and William Johnson's ("Defendant Johnson") motion to dismiss Plaintiff Masoud Bajestani's ("Plaintiff") complaint (Court File No. 4) and Plaintiff's second motion to amend his complaint (Court File No. 15). Plaintiff responded to Defendants' motion to dismiss (Court File No. 8) and Defendants responded to Plaintiff's motion to amend (Court File No. 16). For the following reasons, the Court will **GRANT** Defendants' motion to dismiss (Court File No. 4) and **DENY AS FUTILE** Plaintiff's motion to amend the complaint (Court File No. 15).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Middle Eastern male who was employed as an executive by Defendant TVA. Plaintiff alleges that Defendant TVA terminated him "because he was born in Iran and retained dual citizenship with Iran and the United States, because he was Muslim and because he was aged 55" (Court File No. 1, ¶ 9). Plaintiff was a vice president at TVA and had responsibility over the engineering, construction and procurement process for the Watts Bar nuclear plant.

Defendant TVA is an agency of the federal government of the United States (*id.* at ¶ 3).

Defendant Johnson is the current General Manager and CEO of Defendant TVA (*id.* at ¶ 2). Defendant Johnson's predecessor, Tom Kilgore ("Kilgore") stated in his January 28, 2011, letter terminating Plaintiff that Plaintiff was fired due to incorrect statements made on an application for hardship withdrawals from his Long-Term Deferred Compensation Plan ("LTDCP"). Plaintiff avers that he was never advised that there was a limit on the amount of funds that could be withdrawn or for what purposes. Plaintiff avers that he was advised by an official with responsibility over the plan that his desire to withdraw and reinvest the funds "should be okay" (*id.* at ¶ 12). He also alleges that while "other high-level managers within Defendant TVA also made similar applications for exceedingly large sums, which were granted[,] . . . [t]hese individuals have never been terminated, punished, nor discriminated against for their withdrawals" (*id.* at ¶ 13). Plaintiff was never given an opportunity to "explain the nature of his 'hardship' as listed on said withdrawal application, nor the 'housing' request included therein" (*id.* at ¶ 14). Immediately upon Plaintiff's termination, his security clearance was revoked.

Plaintiff also avers that in December 2010, he took and passed a lie detector test and believes that test was administered because of his race, religion and ethnicity. While he was told that other "staff contemporaries" were required to sit for the test, he alleges that "[t]o his knowledge, [he] was the only person of his staff level required to do so" (*id.* at ¶ 17).

Plaintiff avers that Kilgore was a devout practitioner of a different faith and that, "on information and belief," Plaintiff's Muslim faith was a factor in Kilgore's decision to fire him. Plaintiff also alleges that he was discriminated against because of his support for and investment with family members in Iran (*id.* at ¶ 19).

Plaintiff timely filed an action with the EEOC. This action was pending with EEOC for

more than 180 days when Plaintiff informed the ALJ that he intended to file this action. Plaintiff filed the instant action on May 13, 2014.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     DISCUSSION**

Defendants seek dismissal of Plaintiff's amended complaint on several grounds (Court File No. 13). Defendants argue that his Title VII and Age discrimination claims should be dismissed because they fail to state a claim. They argue that his due process claim should be dismissed because the claim is time-barred under the applicable statute of limitations and because Plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Finally, they argue that Plaintiff's common law claims are precluded by federal employment discrimination statutes and the Civil Service Reform Act and should be dismissed under Fed. R. Civ. P. 12(b)(1).

    **A.     Title VII Claims**

Title VII of the Civil Rights Act of 1964 provides that "it shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To establish a prima facie claim of discrimination, a plaintiff must show "(1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment decision; and (4) he was . . . treated differently than similarly situated non-protected employees." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). Focusing solely on the fourth element, Defendants argue that Plaintiff has failed to show that he was treated differently than other similarly situated employees. The Court agrees.

The Sixth Circuit has made clear that while the plaintiff alleging discrimination "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court,

4

informed by its 'judicial experience and common sense,' could 'draw the reasonable inference.'" *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679). For a claim to be plausible, it must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plaintiff has not met his burden here. Plaintiff has properly pleaded his status as a member of a protected class and that he suffered an adverse employment decision. He has failed, however, to show that he was treated differently than similarly situated employees. He was terminated based on inconsistent statements on his withdrawal application. He does not dispute that he made those inconsistent statements but rather that "other high-level managers within Defendant TVA also made similar applications for exceedingly large sums, which were granted[;] . . . [t]hese individuals have never been terminated, punished, nor discriminated against for their withdrawals" (Court File No. 1 at ¶ 13). Plaintiff neither disputes that he lied on his application nor allege facts supporting that these other executives lied on their applications. These other individuals are not similarly situated. Nowhere in his complaint or in any filing before this Court does Plaintiff deny that he lied on his application, rather he laments that he was not given a chance to explain his responses and that he was assured no one ever scrutinized these requests.

In an attempt to address the deficiency in his amended complaint, Plaintiff points to two other applications that were approved and asserts, without any additional factual allegations, that "[c]learly, these did not meet an immediate and heavy need for housing" (Court File No. 15, at ¶ 30). The first transaction was a $417,000 request for housing based on a divorce settlement and the second was an application for $139,000 for a second home in Florida. Taking the allegations as true, neither of these applications show that these applications were similarly situated with Plaintiff's

5

application. It is not difficult to believe that a divorce in a family accustomed to living off a six-figure income might require an amount in excess of $400,000 to purchase the second home. Similarly, the application for a $139,000 second home in Florida, without more, does not give the Court grounds to find Plaintiff's claims of disparate treatment plausible. Such bare assertions of impropriety are not entitled to be assumed true. *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'"). *See also Iqbal*, 556 U.S. at 680–82 (refusing to infer that defendants Ashcroft and Mueller engaged in a policy of intentional discrimination "given more likely explanations").

Even assuming that the facts alleged by Plaintiff demonstrated that other executives may have inflated their "need" for housing, such a situation would not make these executives similarly situated to the Plaintiff. Taking the other applications in the light most favorable to the Plaintiff establishes that some other executives may have inflated the need for housing. Such a misstatement is categorically different than the misstatement admitted by Plaintiff. Plaintiff did not use and never intended to use the withdrawn funds for housing purposes, rather, he always intended to invest the funds in property in Iran. Because Plaintiff's conduct differs in highly relevant aspects from the conduct of those he argues are similarly situated to him, Plaintiff has failed to allege facts sufficient to establish the fourth element of the Title VII claim. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006) ("In the disciplinary context, we have held that to be found similarly situated, the plaintiff and his proposed comparator must have engaged in acts of *comparable seriousness*.") (emphasis in original) (quotation marks omitted). The Court thus will **DISMISS** Plaintiff's Title VII discrimination claims.

### B. Age Discrimination

"Under the ADEA, a plaintiff is typically required to proffer evidence of the following to make out a prima facie case of age discrimination: (1) that plaintiff was between 40 and 65 years old; (2) that he was qualified for the particular position; (3) that he was subjected to adverse employment action; and (4) that he was replaced by a younger individual." *Scott v. Goodyear Tire*, 160 F.3d 1121, 1126 (6th Cir. 1998). Plaintiff fails to meet the fourth element. His complaint does not set forth the age of anyone other than himself. He merely alleges that he "was 55 years of age at the time of his termination and was entitled to several millions of dollars in compensation" (Court File No. 1 at ¶ 20). His proposed amended complaint alleges no further facts that could support this claim. Because Plaintiff has alleged no facts that taken as true, establish the elements of an age discrimination claim, the Court will **DISMISS** Plaintiff's age discrimination claim.

### C. Other Claims

Defendants assert that Plaintiff's common law claims and due process claims are precluded by the Civil Service Reform Act. This Court agrees. In *United States v. Fausto*, 484 U.S. 439, 455 (1988), the United States Supreme Court ruled that the Civil Service Reform Act of 1978 ("CSRA") was enacted to create a comprehensive, preemptive system for review of personnel actions affecting Federal employees and to deny all judicial review not provided in the statute. The *Fausto* doctrine applies to TVA and TVA employment actions, "even if no remedy at all has been provided by the CSRA." *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 264 (6th Cir. 1991). Accordingly, the MSPB has exclusive jurisdiction over TVA employment claims and alone may grant relief. *See Paige v. Cisneros*, 91 F.3d 40, 42 (7th Cir. 1996). Plaintiff's claims all stem from the decision of TVA to terminate his employment. The Court thus does not have jurisdiction over the breach of

7

contract action and due process claims because they are precluded by the CSRA. The Court will thus **DISMISS** Plaintiff's common law and due process claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss Plaintiff's complaint (Court File No. 1) and **DENY AS FUTILE** Plaintiff's motion to amend his complaint (Court File No. 15).

An Order shall enter.

>                               **/s/**
>                               **CURTIS L. COLLIER**
>                               **UNITED STATES DISTRICT JUDGE**